1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEG PAULSEN

           Ms. Paulsen,

v.

ASHWOOD COMMONS NORTH LLC, a
Washington Corporation

           Defendant.

NO.

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

       Plaintiff Meg Paulsen, by and through her attorneys Conrad Reynoldson and Marielle

Maxwell of Washington Civil & Disability Advocate brings this Complaint against Defendant

Ashwood Commons North LLC ("Defendant") to remedy unlawful discrimination on the basis

of disability and to seek injunctive and to seek injunctive and other equitable relief.

## I.  OVERVIEW

       1.1  This is an action under the Americans with Disabilities Act (ADA) and the

Washington Law Against Discrimination (WLAD) to correct unlawful and discriminatory

practices against members of the public with disabilities who visit the parking garage and

businesses served by the parking garage owned by the Defendant, Ashwood Commons North

Complaint for Declaratory and Injunctive
Relief - 1

LLC at Parcel Number 0293640000 located at or around 958 111th Ave NE 98004 and 989 112th Ave NE 98004 ("the Property").

1.2     Ashwood Commons North LLC ("Defendant") is a Washington Limited Liability Corporation that owns and operates the building housing Elements Apartments Complex and the garage that serves the building.

1.3     As a place of public accommodation, Defendant is subject to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., which prohibits discrimination against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation. Under the ADA, public accommodations include parking services, which must be provided consistent with the Department of Justice 2010 ADA Standards for Accessible Design ("2010 ADA Standards") or the precursor standards for ADA compliance adopted in 1991, the 1991 ADA Standards for Accessible Design ("1991 ADA Standards"). See 28 CFR part 36, subpart D; the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D; and 28 CFR part 36, subpart D, appendix A ("1991 ADA Standards").

1.4     Like the ADA, the Washington Law Against Discrimination ("WLAD") RCW 42.60 et seq. prohibits discrimination against individuals on the basis of disability in places of public resort, accommodation, or amusement.

1.5     This litigation is brought by Meg Paulsen. She has a mobility disability that limits her in the major life activity of walking and requires her to use a wheelchair. Ms. Paulsen drives herself in a motor vehicle modified for wheelchair use as her preferred means of travel to locations relevant to her employment, commercial, and social activities.

Complaint for Declaratory and Injunctive
Relief - 2

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1.6     Ms. Paulsen recently visited the Property and the parking facility at the Property and subsequently encountered barriers to the full access guaranteed by the ADA and WLAD.

1.7     Defendant has violated Title III and Washington's Law Against Discrimination because Defendant operates a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Ms. Paulsen brings this action to end the civil rights violations at a place of public accommodation by Defendant against her as well as other customers with mobility disabilities.

## II.     JURISDICTION AND VENUE

2.1     This action arises under the laws of the United States and is brought pursuant to §12132. Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3)-(4) (civil rights jurisdiction)

2.2     The court also has supplemental jurisdiction over Ms. Paulsens' state law claims pursuant to Washington's Law Against Discrimination, RCW 49.60, pursuant to 28 U.S.C. § 1367.

2.3     Venue in this court is proper pursuant to 28 U.S.C. § 1391(b)(2), as all of the events giving rise to the claims occurred in King County, Washington State.

## III.     PARTIES

3.1     Meg Paulsen is the Plaintiff in this action. Ms. Paulsen is a resident of King County, Washington, which is in this judicial district.

3.2     Ms. Paulsen is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq. Ms. Paulsen has a mobility disability and is unable to walk so she uses a wheelchair and a modified vehicle for transportation. Thus, she requires accessible

Complaint for Declaratory and Injunctive
Relief - 3

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

parking and an accessible route to be able to safely and comfortably patronize places of public accommodation, such as the businesses located at Defendant's Property.

3.3     Ashwood Commons North LLC is a Washington Limited Liability Company whose nature of business is Real Property Investment. On information and belief, Defendant is a wholly-owned subsidiary of UDR, Inc., a publicly traded company incorporated in Maryland.

On information and belief Defendant UDR, Inc., and its wholly owned subsidiaries, Defendant United Dominion Realty, L.P., a Delaware Corporation, and Ashwood Commons North, LLC, own and operate the Property, by and through its managers and employees.

3.4     Defendant was conveyed title to the Property in 2004 via statutory Warranty deed.

## IV.     FACTS

4.1     Ms. Paulsen incorporates by reference the prior paragraphs herein.

4.2     Ashwood Commons North, LLC is a company that owns commercial real estate property in Washington state. On information and belief, owns and operates the commercial real estate property at Parcel Number 0293640000 located at or around 958 111th Ave NE 98004 and 989 112th Ave NE 98004.

4.3     The Property comprises three separate glass and steel high-rise buildings that house luxury apartments as well as retail shops, These include a stand-alone building with the address 989 111th Avenue NE, Bellevue, WA 98004 and two buildings that are connected by a common area and walkway with the addresses 958 111th Ave NE, Bellevue, WA 98004 and 909 112th Avenue NE, Bellevue, WA 98004. An underground parking garage serves the buildings ("Elements Garage"). This garage is open to members of the public for retail parking, and visits to

Complaint for Declaratory and Injunctive
Relief - 4

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

tenants of the building. Parking exclusively for use by tenants is separated from public parking via gates.

4.4     Businesses served by the Elements Garage include but are not limited to, Cielo Cocina Mexicana, The Knitters Studio, G W Fine Art Studio, Sola Salon Studios, Pure Barre, and The French Bakery.

4.5     Per the ADA,  a restaurant, bar, or other establishment serving food or drink, bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment, laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment as the businesses themselves are commercial facilities intended for nonresidential use, and their operations affect commerce. 42 U.S.C. § 12181(7).

4.6     Thus, the Elements Garage that is open to the public, as well as the businesses themselves, and accessible routes from parking to the businesses located at Defendant's Property, are commercial facilities intended for nonresidential use, and their operations affect commerce. 42 U.S.C. § 12181(7)

4.7     More than thirty years after the passage of the ADA, Defendant discriminates against individuals with disabilities who have mobility impairments. Defendant owns and/or operates commercial real estate that houses a public business and parking facilities and routes from those facilities to that public business in such a way that individuals with disabilities who have mobility impairments are provided unequal access and enjoyment to the services and amenities of both the parking and the business.

Complaint for Declaratory and Injunctive
Relief - 5

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.8     More than thirty years after the passage of the ADA, Defendant discriminates against individuals with disabilities who have mobility impairments. Defendant owns and operates commercial real estate that houses a public businesses and parking facilities and routes from those facilities to the public businesses in such a way that individuals with disabilities who have mobility impairments are provided unequal access and enjoyment to the services and amenities of both the parking and the businesses.

4.9     In 1991 the ADA set specific requirements for all newly constructed buildings. To comply with the ADA's non-discrimination provisions with respect to the facilities at Defendant's property newly constructed after January 26, 1993, Defendant must comply fully with the ADA standards 42 U.S. Code § 12183(a)(1).

4.10    As new construction, the buildings at the Property and the Elements Garage specifically should have been designed and built to meet or exceed the relevant ADA standards. Under Title III, which applies to places of public accommodation like the Property, all buildings "designed and constructed for first occupancy after January 26, 1993" are required to meet or exceed the ADA Standards for Accessible Design. 28 C.F.R. § 36.401. Construction of the buildings at the property began well after 1993 and was completed for the detached building in 2005, and the connected buildings in 2007. Thus, strict compliance with the ADA standards was then and is now expected.

4.11    The introduction of the 2010 Standards, which applies to new construction/alterations after March 15, 2012 under 28 C.F.R. § 36.406(a)(3), modified some standards and added standards to elements left out of the 1991 Standards.

Complaint for Declaratory and Injunctive
Relief - 6

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.12    2010 ADA Standards for Accessible Design were published September 15, 2010 and became effective on March 15, 2012. Thus, the 2010 ADA Standards apply to any of Defendant's parking facilities whose construction or last alteration postdates that effective date.

4.13    With regards to the Elements Garage parking facility at the Property, Defendant must provide accessible parking—in terms of the number of required accessible parking spaces, the design specifications for such spaces, and ingress/egress to each facility, inter alia—that is consistent with the 2010 ADA Standards, see 28 CFR part 36, subpart D and the 2004 Americans with Disabilities Act Accessibility Guidelines (ADAAG) at 36 CFR part 1191, appendices B and D; or, in pertinent part, with the 1991 ADA Standards under 28 CFR part 36, subpart D (hereinafter collectively "ADA Standards").

4.14    On information and belief, the public parking facility owned or operated by Defendants at the Property was altered (by resurfacing, restriping, or other construction) after March 15, 2012, making Defendant subject to the 2010 ADA Standards where applicable.

4.15    The 1991 ADA Standards and 2010 ADA Standards set forth numerical requirements for the number of accessible parking spaces each parking facility[1] is required to contain. The number of parking spaces required to be accessible is to be calculated separately for each parking facility.

4.16    For parking facilities with 1-25 total spaces must be one (1) accessible space. For parking facilities containing 26 to 50 total spaces, there must be two (2) accessible spaces. For parking facilities containing 51 to 75 total spaces, there must be three (3) accessible spaces. For parking facilities containing 76 to 100 total spaces, there must be four (4) accessible spaces. For

---

[1] Parking facilities are defined in the ADA Standards as both surface parking lots and parking structures such as garages.

parking facilities containing 101 to 150 total spaces, there must be five (5) accessible spaces. For parking facilities containing 151 to 200 total spaces, there must be six (6) accessible spaces. For parking facilities containing 201 to 300 total spaces, there must be seven (7) accessible spaces. For parking facilities containing 301 to 400 total spaces, there must be eight (8) accessible spaces. For parking facilities containing 401 to 500 total spaces, there must be nine (9) accessible spaces. For parking facilities containing 501 to 1000 spaces, there must be at least 2 percent of the total number of spaces designated for accessible parking. Tables reflecting the numerical requirements under both the 1991 ADA Standards and 2010 ADA Standards are respectively available under 28 C.F.R. Pt.36, App. A, § 4.1.2(5) (1991); and 36 C.F.R. part 1191, App. B, § 208.2.

4.17    In addition to numerical requirements, the ADA Standards mandate that each standard accessible space be a minimum of 96 inches in width. *See* § 4.6.3 of the 1991 ADA Standards, § 502.2 of the 2010 ADA Standards.

4.18    There must also be an access aisle at least 60 inches wide for each space (though the same aisle may serve two adjacent spaces), which extends the entire length of the space. *See* § 4.6.3 of the 1991 ADA Standards, §§ 502.3.1-502.3.2 of the 2010 ADA Standards.

4.19    Per §502.3.3 of the 2010 ADA Standards, access aisles are to be marked to discourage parking in them.

4.20    Per the 1991 ADA Standards, one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 inches wide at minimum and shall be designated "van accessible" on the sign designating the space. §§ 4.1.2(5)(b), 4.6.4 of the 1991 ADA Standards. The parking facility must allow a minimum clearance of 98 inches at "van accessible" designated spaces and along at least one vehicle access route to such spaces from site entrance(s) and exit(s). *Id.* § 4.6.5.

Complaint for Declaratory and Injunctive
Relief - 8

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.21    The 2010 ADA Standards, where applicable, require that one in every six (or fraction of six) accessible spaces be designated as "van accessible" on the parking space identification sign. §§ 208.2.4, 502.6 of the 2010 ADA Standards. The 2010 ADA Standards have the same vertical clearance specifications of 98 inches as the 2010 ADA Standards. *See id*. § 502.5.

4.22    The 2010 ADA Standards require the "van accessible" parking space to be either to be 132 inches (3350 mm) wide minimum with a 60 inches wide access aisle, or, like the 1991 ADA Standards, to be 96 inches (2440 mm) wide minimum where the access aisle is 96 inches (2440 mm) wide minimum. *Id.* § 502.2. Angled "van accessible" parking spaces are required to have access aisles located on the passenger side of the parking spaces. *Id.* § 502.3.4.

4.23    The ADA Standards require that accessible parking spaces and access aisles serving them be level with surface slope changes not permitted above 1:50 maximum in the 1991 ADA Standards and 1:48 maximum in the 2010 ADA Standards. *See* § 4.6.3 of the 1991 ADA Standards, §§ 502.4, 302 of the 2010 ADA Standards.

4.24    The ADA Standards require accessible parking spaces be designated as reserved by a sign designating the space that shows the International Symbol of Accessibility ("ISA"). "Van accessible" spaces shall have an additional sign designation of "van accessible" mounted below the symbol of accessibility. §§ 4.6.4, A4.6.4 of the 1991 ADA Standards, § 502.6 of the 2010 ADA Standards.

4.25    The 1991 ADA Standards only require signs designating accessible parking to be located so they cannot be obscured by a vehicle parked in the space (§ 4.6.4 of the 1991 ADA Standards), but the 2010 ADA standards require signs to be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign. § 502.6 of the 2010 ADA Standards.

1    4.26    In accordance with the ADA Standards, accessible parking spaces serving a

2    particular building are to be located on the shortest accessible route of travel from adjacent parking

3    to an accessible entrance. In parking facilities that do not serve a particular building, accessible

4    parking is to be located on the shortest accessible route of travel to an accessible pedestrian entrance

5    of the parking facility. In buildings with multiple accessible entrances with adjacent parking,

6    accessible parking spaces shall be dispersed and located closest to the accessible entrances. *See* §

7    4.6.2 of the 1991 ADA Standards, § 208.3.1 of the 2010 ADA Standards.

8    4.27    The ADA Standards provide that the number of spaces required need not be

9    provided in a particular lot and may be provided in a different location if equivalent or greater

10   accessibility, in terms of distance from an accessible entrance, cost and user convenience is ensured.

11   *See* § 4.1.2(5)(a) of the 1991 ADA Standards, § 208.3.1 of the 2010 ADA Standards. "User

12   convenience" is further described in the 2010 Standards as factors that include but are not limited

13   to, protection from the weather, security, lighting, and comparative maintenance of the alternative

14   parking site.

15   4.28    The ADA Standards further mandate that a parking facility has an accessible route

16   that connects building or facility entrances with all accessible spaces and elements within the

17   building or facility, including accessible parking spaces. *See* § 4.1.3 (1) of the 1991 ADA Standards;

18   §§ 206.2.1-206.2.2 of the 2010 ADA Standards.

19   4.29    Thus, there must be an accessible route connecting the ADA-designated parking at

20   the Property with the entrances to the businesses it serves.

21   4.30    This accessible route must be connected to the access aisle of accessible parking

22   spaces and must be a minimum of 36 inches (915 mm) wide. *See* § 4.6.2 of the 1991 ADA

23   Standards, §§ 403.5.1, 502.3 of the 2010 ADA Standards.

Complaint for Declaratory and Injunctive
Relief - 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.31    Ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip resistant. § 4.5.1 of the 1991 ADA Standards, § 303.1 of the 2010 ADA Standards.

4.32    Openings that are within walking surfaces along accessible routes then shall have spaces no greater than 1/2 in (13 mm) wide in one direction. Elongated openings shall be placed so that the long dimension is perpendicular to the dominant direction of travel § 4.5.4 of the 1991 ADA Standards, § 302.3 of the 2010 ADA Standards.

4.33    The run slope of walking surfaces on the accessible route shall not be steeper than 1:20 (5%). § 4.3.7 of the 1991 ADA Standards, § 403.3 of the 2010 ADA Standards.

4.34    The cross slope of walking surfaces on an accessible route shall not be steeper than 1:48 (2.08%) In the 2010 ADA Standards and may not be than 1:50 (2%) in the 1991 ADA Standards. § 403.3 of the 2010 ADA Standards, § 4.3.7 of the 1991 ADA Standards.

4.35    Ramps on an accessible route shall have a running slope not steeper than 1:12 (8.33%). §4.8.2 of the 1991 ADA Standards, § 405.2 of the 2010 ADA Standards.

4.36    Curb ramps and ramps on an accessible route to be constructed on existing sites or in existing buildings or facilities where space limits prohibit use of a 1:12 (8.33%) slope or less, may, for a maximum rise of 6 inches have slopes between 1:12 (8.33%) and 1:10 (10%), and for a maximum rise of 3 inches it may have slopes between 1:10 (10%) and 1:8 (12.5%). A slope steeper than 1:8 (12.5%) is not allowed. §4.1.6(3)(a) of the 1991 ADA Standards, § 405.2 of the 2010 ADA Standards.

4.37    Ramps on an accessible route must have a cross slope of no steeper than 1:48. § 405.3 of the 2010 ADA Standards.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.38    On an accessible route, the clear width of a ramp run and, where handrails are provided, the clear width between handrails must be 36 inches minimum. § 4.8.3 of the 1991 ADA Standards, § 405.5 of the 2010 ADA Standards.

4.39    On an accessible route, ramp runs with a rise greater than 6 inches (150 mm) must have handrails on both sides. § 4.8.5 of the 1991 ADA Standards, §§ 405.8, 505.2 of the 2010 ADA Standards.

4.40    On an accessible route, edge protection must be provided on each side of ramp runs and at each side of ramp landings. §§ 4.8.5, 4.8.7 of the 1991 ADA Standards. § 405.9 of the 2010 ADA Standards.

4.41    Where provided on an accessible route, curb ramps flares shall not be steeper than 1:10. § 4.7.5 of the 1991 ADA Standards, § 406.3 of the 2010 ADA Standards.

4.42    The 2010 ADA Standards state that the landing at the top of a curb ramp on an accessible route must be 36 inches (915 mm) minimum. In alterations, where there is no landing at the top of curb ramps, curb ramp flares shall be provided and shall not be steeper than 1:12. § 406.4 of the 2010 ADA Standards.

4.43    28 CFR § 36.211(a) requires that "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. 28 CFR § 36.211(a).

4.44    Based on Ms. Paulsen's recent visit to the Property, Defendant does not comply with the applicable required numerical and design specifications under the ADA Standards at the parking facility, as specified below.

Complaint for Declaratory and Injunctive
Relief - 12

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

**Features of the Elements Garage**

4.45    The parking facility that serves the buildings at the Property contains greater than two hundred and forty (240) total parking stalls available to the general public at the location. The remainder of the parking stalls are gated and for use by Elements Apartments residents exclusively.

4.46    There are three entrances to the Elements Garage. At these entrances the clearance is listed as 6' 8", 6' 10" and 8' 2". Two of the garage entrances do not have adequate clearance for a "Van Accessible" designated space, and neither of these entrances has signage indicating patrons in need of this clearance that "van accessible" spaces are only able to be accessed from one entrance.

4.47    Of the parking stalls available to the general public in the Elements Garage, there are a total of thirteen (13) spaces designated accessible. All designated accessible spaces are numbered. Of the spaces that are designated accessible, four (4) are designated "Van Accessible" and are located in the same area of the garage there are no signs directing patrons to the location of the "Van Accessible" spaces. Issues of accessibility within these spaces will be addressed in turn below.

4.48    The space numbered 128 is identified as accessible by a sign that is mounted on the wall in front of the access aisle, not the space. The bottom edge of the sign is less than 60 inches from the finish floor of the garage. A pole is located within the access aisle that serves the space. The space itself is not located on the shortest accessible route. A person with a disability parking in this space has to go around the entire backside of the space and around the freight elevator to reach the elevator to the retail shops and businesses. Further, this striped route from the access aisle is obstructed by larger vehicles when they are parked in the space, and by a garbage can that is placed

Complaint for Declaratory and Injunctive
Relief - 13

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

in the accessible route. Recent photographs of the space and the striped designated accessible route are included below.






Complaint for Declaratory and Injunctive
Relief - 14

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17      4.49    The space numbered 129 is identified as accessible by a sign that is visually

18 obstructed by a pipe. The access aisle serving the space has a pillar located within it that obstructs

19 the aisle. The space is not located on the shortest accessible route to the elevator to access the retail

20 shops, and, although this space is located across from a residential elevator, some closer spaces to

21 that elevator are not designated accessible. Finally, the leasing office routinely places a sign within

22 the space, the access aisle, or within the striped route which causes an obstruction.  Recent

23 photographs from three different days showing the space and sign placement are included below.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1
2
3
4
5
6
7
8



9
10
11
12
13
14
15
16
17



18

4.50     The space numbered 150 is identified as accessible by a sign that is also visually

obstructed by a pipe. Space 150 shared an access aisle with Space 149, so it has the same issues

with both the access aisle pillar, the placement of the leasing office sign, and the accessible route.

A recent photograph of the space is included below.

19
20
21
22
23

Complaint for Declaratory and Injunctive
Relief - 16

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1
2
3
4
5
6
7
8
9
10



11    4.51    The space numbered 1094 is identified as accessible by a sign. The space has a

12  second sign below the sign designating that space that states the space is "Van Accessible". The

13  sign designating the space is less than 60 inches from the finish floor, and the secondary "Van

14  Accessible" sign is located even farther down the wall. The "Van Accessible" is fully obscured by

15  any vehicle parking in the space, even vehicles with very low clearance. The space has both a pillar

16  located within it that obstructs the space and makes it impermissibly narrow for a "Van Accessible"

17  designated space, and it also has a pole located within the space at the head of the space. The access

18  aisle serving the space is less than 60 inches in width. The leasing office routinely places a sign in

19  the access aisle that obstructs the aisle.  The space is not located on the shortest accessible route to

20  the elevator for the retail shops but is across from a residential elevator.  A recent photograph of the

21  space is included below.

22

23

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172



4.52    The space numbered 1095 is identified as accessible by a sign. The space has a second sign below the sign designating that space that states the space is "Van Accessible". The sign designating the space is less than 60 inches from the finish floor, and the secondary "Van Accessible" sign is located even farther down the wall. The "Van Accessible" is fully obscured by any vehicle parking in the space, even vehicles with very low clearance. Space 1095 shares an access aisle with Space 1094, so it has the same issues with both the accessible route, the insufficient access aisle width, and the sign occasionally placed in the access aisle. The space is of insufficient width for a compliant "Van Accessible" space. The leasing office routinely places a sign in the access aisle that obstructs the aisle.  A recent photograph of the space is included below.

Complaint for Declaratory and Injunctive
Relief - 18

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172



4.53    The space numbered 1096 is identified as accessible by a sign. The space has a second sign below the sign designating that space that states the space is "Van Accessible". The sign designating the space is less than 60 inches from the finish floor, and the secondary "Van Accessible" sign is located even farther down the wall. The "Van Accessible" is fully obscured by any vehicle parking in the space, even vehicles with very low clearance. Space 1096 is located directly to the left of Space 1095, so it shares the same issues with accessible routes. The space is of insufficient width for a compliant "Van Accessible" space as it is only the width of a standard accessible space with an access aisle serving the space that is less than 60 inches in width due to the pillar located within the access aisle. There are also additional poles located within the access aisle. A recent photograph of the space is included below.

Complaint for Declaratory and Injunctive
Relief - 19

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1
2
3
4
5
6
7
8
9
10
11
12



13    4.54    The space numbered 1098 is identified as accessible by a sign. The space has a

14 second sign below the sign designating that space that states the space is "Van Accessible". The

15 sign designating the space is less than 60 inches from the finish floor, and the secondary "Van

16 Accessible" sign is located even farther down the wall. The "Van Accessible" would be obscured

17 by any vehicle parking in the space, even vehicles with very low clearance. Space 1098 is located

18 directly to the left of Space 1096, so it shares the same issues with accessible routes. The space is

19 of insufficient width for a compliant "Van Accessible" space as it is only the width of a standard

20 accessible space with an access aisle serving the space that is significantly less than 60 inches in

21 width due to the pillar located within the access aisle. There are also additional poles located within

22 the access aisle. The construction of the space is strange as the wall juts out on the right side of the

23 head of the space. A recent photograph of the space is included below.



4.55     The space numbered 1058 has no signage designating the space as accessible. The width of the space has a pillar located within the marked boundaries of the space. The access aisle serving the space routinely has garbage cans placed in it that impermissibly narrow and obstruct the aisle. There are changes in level within the space that are greater than the maximum slope allowable by the ADA Standards. Further, the placement of the space itself, while it is close to the elevators that offer access to the retail shops, is difficult to access. Entering the "accessible" space requires either driving through the spaces of other cars or narrowly entering through a marked no-parking area. Parked Cars can obstruct the access aisle as seen in the recent photographs below. It is impossible to pull into one side of the space when cars are parked behind it, and it is unclear from the striping that entering the space through the "no parking" striped area is even allowable. Recent photographs of the space are included below.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172





Complaint for Declaratory and Injunctive
Relief - 22

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172



4.56    The space numbered 2048 has no signage designating the space as accessible. The space has a corner of the building that encroaches into the head and the foot of the space. The access aisle serving the space narrows to less than 60 inches in width at the head of the space where it connects to the door to the retail shops' elevator. There are changes in level within the space and the access aisle that are far greater than the maximum slope allowable by the ADA Standards. The door leading to the retail shops elevator requires much greater opening force than is allowable by the ADA Standards. A recent photograph of the space is included below.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1
2
3
4
5
6
7
8
9
10



11    4.57    The space numbered 2048 has a sign designating the space as accessible. The sign

12  designating the space is less than 60 inches from the finish floor. The access aisle serving the space

13  on the left has a corner of the building that encroaches into the aisle on the left side- narrowing the

14  aisle. The access aisle the space shares with Space 2048 narrows to less than 60 inches in width at

15  the head of the space where it connects to the door to the retail shops' elevator. There are changes

16  in level within the space and the access aisle on the left side that are far greater than the maximum

17  slope allowable by the ADA Standards. The door leading to the retail shops elevator requires much

18  greater opening force than is allowable by the ADA Standards. A recent photograph of the space is

19  included below.

20
21
22
23

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1
2
3
4
5
6
7
8
9
10
11
12
13



14      4.58    The space numbered 2052 has a sign designating the space as accessible. The sign

15  designating the space is well below 60 inches from the finish floor, any vehicle parked directly in

16  the space would fully obscure the sign. The access aisle serving the space on the right side has a

17  pillar located within the aisle that obstructs the aisle as well as the corner of the building encroaching

18  into the aisle at the head of the space. The pillar within the aisle causes the aisle to be nigh-unusable

19  with some patrons choosing to park in such a way that they take up multiple spaces in order to

20  safely exit their vehicle. There are changes in level within the space and the access aisle on the left

21  side that are far greater than the maximum slope allowable by the ADA Standards. Recent

22  photographs of the space are included below.

23

Complaint for Declaratory and Injunctive
Relief - 25

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16



17
18
19
20
21
22
23



WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1    4.59    The space numbered 249 has a sign designating the space as accessible. The sign

2    designating the space is below 60 inches from the finish floor and would be obscured by a parked

3    car. A pillar is located within both the space and the adjacent access aisle at the left foot of the space

4    that obstructs both the space and access aisle. Due to the pillar, the space is of insufficient width

5    under the ADA Standards. The space is not located on the shortest accessible route to an accessible

6    entrance. A recent photograph of the space is included below.



7

8

9

10

11

12

13

14

15

16

17

18    4.60    The space numbered 250 has a sign designating the space as accessible. The sign

19    designating the space is below 60 inches from the finish floor and would be obscured by a parked

20    car. Space 250 shares an Access aisle to the right with Space 249. Thus, Space 250 also has the

21    issue of a pillar being located within the access aisle that narrows the space below the minimum

22    required by the ADA Standards. The space is not located on the shortest accessible route to an

23    accessible entrance. Recent photographs of the space are included below.

Complaint for Declaratory and Injunctive
Relief - 27

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172





4.61    The federal ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." The ADA prohibits public accommodations, like the parking serving the Property that Defendant owns and operates, from providing individuals with disabilities with separate or unequal benefits and services.

Complaint for Declaratory and Injunctive
Relief - 28

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

4.62    Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

4.63    Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

4.64    Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

4.65    Defendant's Property, Parcel Number 0293640000 located at or around 958 111th Ave NE 98004 and 989 112th Ave NE 98004, is a place of public accommodation.

4.66    Defendant's Property, due to the enumerated barriers to accessibility and access above, is in violation of applicable standards under the ADA and WLAD.

4.67    Ms. Paulsen has visited the places of public accommodation at the Property in the past and intends to do so in the future in order to gain access to the multiple businesses in operation at the location.

Complaint for Declaratory and Injunctive
Relief - 29

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## V.    CAUSES OF ACTION

**First Cause of Action**
**Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12101 *et seq.***

5.1     Ms. Paulsen incorporates by reference the prior paragraphs herein.

5.2     Ms. Paulsen is a qualified individual with a disability as defined under the ADA 42 U.S.C. § 12102.

5.3     Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

5.4     Incorporating by reference the allegations stated above, Defendant's practice alleged herein of not providing facilities that comply with the ADA violates Ms. Paulsen's rights under that statute.

5.5     Defendant owns and operates the Property, which was built well after the enactment of the ADA, and which houses apartments, retail and service businesses as well as the parking facility that serves the businesses and housing.

5.6     The Property businesses, the parking accommodations serving the businesses, and the routes from the parking are public accommodations. 42 U.S.C. § 12181(7)(B).

5.7     In light of Defendant's acts and omissions under the ADA as alleged herein, Ms. Paulsen has suffered discrimination in the participation of and benefits of the Property businesses and parking accommodations serving the businesses. See 42 U.S.C. § 12182.

5.8     Defendant has failed to remediate architectural barriers and other ADA violations alleged herein, which will foreseeably abridge Ms. Paulsen's rights in the future and deny her

Complaint for Declaratory and Injunctive
Relief - 30

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

1   access to the benefits and services at Defendant's Property in the future unless the requested

2   injunctive relief herein is granted.

3       5.9     Ms. Paulsen is entitled under the ADA to monetary damages, declaratory and

4   injunctive relief, and reasonable costs and attorneys' fees. 42 U.S.C. § 12188, 42 U.S.C. § 12205.

**Second Cause of Action**
**Washington Law Against Discrimination Revised Code of Washington**
**§§ 49.60.010-49.60.505**

7       5.10    Ms. Paulsen incorporates by reference the prior paragraphs herein.

8       5.11    Ms. Paulsen has a disability as defined under the WLAD. RCW 49.60.040(7).

9       5.12    Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part:

10  "The right to be free from discrimination because of…the presence of any sensory, mental, or

11  physical disability…is recognized as and declared to be a civil right. This right shall include, but

12  not be limited to: … (b) The right to the full enjoyment of any of the accommodations, advantages,

13  facilities, or privileges of any place of public resort, accommodation, assemblage, or

14  amusement…."

15      5.13    Defendant's Property is a "place of public resort, accommodation, assemblage, or

16  amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code

17  § 49.60.040.

18      5.14    Ms. Paulsen is informed, believes, and thereon alleges that Defendant and its agents

19  and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised

20  Code of Washington by unlawfully denying Ms. Paulsen full and equal access to the Property as a

21  place of public accommodation for the reasons set forth above, including violating the ADA.

22      5.15    Incorporating by reference the allegations stated above, Defendant's practice

23  alleged herein of not providing facilities that comply with the ADA denies Ms. Paulsen the right

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

of full enjoyment of the public accommodations of the businesses and parking serving the businesses at the Property. This constitutes discrimination on the basis of Ms. Paulsen's disabilities, in violation of the WLAD.

5.16     Defendant's actions constitute discrimination against Ms. Paulsen and violate the Washington Law Against Discrimination, Revised Code of Washington sections 49.60.010 et seq., in that Ms. Paulsen is being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to the public.

5.17     Because Ms. Paulsen has a clear legal right to access Defendant's Property as a place of public accommodation, a well-grounded fear of an immediate and future invasion of that right and has been actually injured as a result of Defendant's discriminatory conduct as alleged herein, declaratory and injunctive relief are appropriate remedies. *See Kucera v. Dep't of Transp.*, 140 Wn.2d 200 (2000).

5.18     Ms. Paulsen's request for injunctive relief is prospective and intended to protect the rights of both herself and other customers with disabilities who do and may wish to patronize the places of public accommodation at the Property.

5.19     Pursuant to Wash. Rev. Code § 49.60.030(2), Ms. Paulsen is entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

Complaint for Declaratory and Injunctive
Relief - 32

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172

## VI.     PRAYER FOR RELIEF

WHEREFORE, Ms. Paulsen prays for the following relief:

6.1     That this Court assume jurisdiction;

6.2     A declaration that Defendant's actions and inactions violated Ms. Paulsen's civil rights under the ADA and WLAD;

6.3     That this Court issue declaratory and injunctive relief ordering the Defendant to bring the Property into compliance with, and to operate the Property in compliance with, the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12205; and the WLAD;

6.4     Judgment against Defendant for compensatory damages in an amount to be proven at trial;

6.5     That this Court award Ms. Paulsen her reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205, and RCW 49.60.030(2); and

6.6     That this Court award such additional or alternative relief as may be just, proper and equitable.

6.7     The right to conform the pleadings to the evidence presented.


RESPECTFULLY SUBMITTED this 11th day of June, 2024.


WASHINGTON CIVIL & DISABILITY ADVOCATE

/s/ *Conrad Reynoldson*
Conrad Reynoldson, WSBA #48187
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 876-8515
conrad@wacda.com

/s/ *Marielle Maxwell*
Marielle Maxwell, WSBA #54957
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 455-6430
marielle@wacda.com

*Attorneys for Ms. Paulsen*

Complaint for Declaratory and Injunctive
Relief - 33

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3172